[L. A. No. 23838. In Bank. Feb. 1, 1957.]

WILLIAM A. KEELER, Appellant, v. RUTH SCHULTE et al., Respondents.

Johnson & Johnson and Edward L. Johnson for Appellant.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Respondents.

SPENCE, J.—This is the second appeal in this case. By a representative suit on behalf of San Diego Lodge Number 1, American Section of The Theosophical Society, a California corporation, plaintiff seeks to set aside a deed of the lodge property and to enjoin the attempted dissolution of the lodge. The action was tried and judgment was entered for defendants. Plaintiff moved for a new trial, and it was granted on the grounds of insufficiency of the evidence and that the decision was contrary to the law. On defendants' appeal, the order granting a new trial was affirmed. (*Keeler* v. *Schulte,* 119 Cal.App.2d 132 [259 P.2d 37].)

Plaintiff then amended his complaint, alleging the same general facts but asking additional declaratory relief by way of an accounting and the appointment of a receiver to take charge of the property of the lodge pending disposition of the action. Defendants demurred generally and specially to the amended complaint, and moved to strike portions thereof. The trial court overruled the demurrers and struck out an immaterial part of the amended complaint. Defendants then answered and filed a counterclaim for certain money and property of the lodge.

The second trial began and some evidence was received. Then the trial court decided that anticipated lengthy and "acrimonious" testimony as to "alleged slanderous statements" at the time of the claimed dissolution of the lodge should be presented to a referee for findings. Both plaintiff and defendants were ordered to advance $700 for costs. Plaintiff failed to make the required deposit. Defendants renewed their motion to strike and demurrers. The motion was granted and the demurrers were sustained with leave to plaintiff to amend his complaint. The claimed insufficiency of plaintiff's pleading was the failure to include the lodge as a party to the action. Plaintiff declined to so amend, and defendants moved

to dismiss the action. The trial court agreed with defendants that plaintiff's complaint failed to state a cause of action because of the failure to include the lodge as a party, and that therefore no judgment could be entered declaring its rights or setting aside the deed. Accordingly, a judgment of dismissal was entered, and plaintiff appeals therefrom. We have concluded that the trial court's judgment should be affirmed.

 "The corporation is an indispensable party to a representative action brought on its behalf; its rights, not those of the nominal plaintiff, are to be litigated, and the court has no jurisdiction to adjudicate its rights in its absence as a party." (*Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11, 27-28 [265 P.2d 1].) Here plaintiff in a representative capacity is attempting to recapture the lodge's funds and property. He challenges the validity of a deed and certain transfers of property belonging to the lodge. On the prior appeal it was declared that "sufficient facts" were shown concerning the lodge's property rights to make plaintiff's action a "proper representative suit," citing *Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church*, 39 Cal.2d 121 [245 P.2d 481]. (*Keeler* v. *Schulte, supra,* 119 Cal.App.2d 132, 137.)

 Plaintiff now claims that the propriety of his prosecuting this action without including the lodge as a party thereto was adjudicated upon the former appeal. But the former opinion did not decide the point and did not discuss these vital considerations: the unrefuted fact of the lodge's pleaded status as a corporation; the continuance of its corporate existence and legal rights under California law despite any purported dissolution and surrender of its charter according to theosophical law; and its absence as a party to this action. A California corporation can only be dissolved in the manner and under the conditions prescribed in the Corporations Code of this state (§§ 4600-4692), and the withdrawal of a corporation's charter under ecclesiastical rules of law and order would not work a corporate dissolution in disregard of such state law. The above-cited Rosicrucian case held that members of one faction of a religious society can sue members of another faction, each in a representative capacity, for the determination of property rights; but there the church corporations involved were parties to the litigation and the problem of "representing" a nonparty corporation was not presented.

The affirmance of the order granting a new trial on the prior

appeal in this case was apparently based upon the ground that the "insufficiency of the evidence" was a matter for the trial court to determine in the exercise of a "broad discretion" and there appeared to have been "no abuse" thereof. (*Keeler* v. *Schulte, supra,* p. 137.) ■ Since the question of the necessity of joining the lodge corporation as a party to this action was not discussed in the prior opinion, it manifestly cannot affect the determination of that essential issue here. We therefore conclude that when plaintiff thereafter refused to amend his complaint so as to join the corporation as a party, the action could not continue on its behalf and the trial court had no alternative but to order its dismissal. (*Beyerbach* v. *Juno Oil Co., supra,* 42 Cal.2d 11, 28.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.