[Civ. No. 18230. First Dist., Div. One. July 15, 1959.]

ROSE R. TOBONI, as Administratrix, etc., Appellant, v. PENNINGTON MILLINERY COMPANY, INC. (a Corporation) et al., Respondents.

Raymond D. Williamson and Robert J. Smith for Appellant.

Crozier C. Culp and David M. Hoffman for Respondents.

WOOD (Fred B.), J.—Plaintiff has appealed from two orders requiring her to furnish security to the defendants pursuant to the provisions of section 834 of the Corporations Code: A $500 surety bond to defendants Pennington Millinery Company, Sibyl E. Pennington Amante and Walter A. Spence, and a $500 surety bond to defendants Tom Cooney Company and Tom Cooney individually.

In support of her appeal plaintiff claims: (1) This is not a Corporations Code. (2) The affidavit of one Wright in support stockholder's derivative suit within the meaning of section 834, of the Amante-Spence-Pennington Company motion for security is insufficient. (3) Defendants Tom Cooney and Tom Cooney Company have no right to security. Our examination of the record convinces us that none of these points is well taken. The orders should be affirmed.

(1) *This is a stockholder's derivative suit. The provisions of section 834 of the Corporations Code are applicable.*

 Although plaintiff seeks damages for herself as well as for the Pennington Company, the gravamen of her complaint is a wrong done the corporation, a mulcting of its assets, a misappropriation of its business and properties by two of its directors, aided and assisted by Tom Cooney and the Tom Cooney Company, a business competitor of the Pennington Company. Plaintiff has merely a stockholder's interest in the allegedly mismanaged and mulcted corporation. Although her shares may have greatly depreciated in value, the obligations allegedly violated by the defendant directors Amante and Spence were duties which they owed directly and immediately to the Pennington Company.* It is for the corporation, in the first instance, to institute and maintain remedial actions. A stockholder may do so on behalf of the corporation only if its responsible officials refuse or fail to act. This is what makes such a stockholder's suit "derivative." The cause of action here pleaded, like those in *Campbell v. Clark*, 159 Cal.App.2d 432 [324 P.2d 51], is "derivative in nature in that the gravamen of the complaint is injury to the corporation and to the whole body of its stockholders. . . .

"The action being derivative in nature, plaintiff could not maintain . . . the action without fulfilling the requirements of subdivision (a) of section 834 of the Corporations Code. [In our case plaintiff does allege facts that appear to meet

---

*Plaintiff alleges that defendants Spence and Amante mismanaged the business of Pennington Company, and commenced the dissolution of the Company without notice to plaintiff, Administratrix of the Estate of Joseph P. Toboni, Jr., Deceased, who until his death was the owner of shares of stock of said Company; that all of the foregoing was done by Spence and Amante pursuant to a fraudulent scheme of said defendant major stockholders and directors and Tom Cooney and the Cooney Company, to appropriate the assets (including equipment, facilities, good will and customer lists) of Pennington Company, to promote the business of Cooney Company, with resulting great personal gain to Spence and Amante, detrimental to the business and welfare of the corporation.

Plaintiff alleges this action is brought on behalf of herself and of the corporation, Pennington Company.

She concludes with a prayer that Amante and Spence account for their management and disposition of the properties of the corporation and restore to the corporation any money and the value of any property of the corporation which they have acquired, disposed of or wasted; that they be enjoined from disposing of any of the corporation's property pending this action; that a receiver of the corporation's property be appointed; that plaintiff and the corporation recover damages in the sum of $50,000: and for general relief.

those requirements]'' (P. 437. See also the authorities there cited.)

Plaintiff mistakenly relies upon *Sutter* v. *General Petroleum Corp.*, 28 Cal.2d 525 [170 P.2d 898, 167 A.L.R. 271]. It does not support her thesis. There the plaintiff sued for damages directly and individually sustained by him, caused by the fraud of the defendant which induced plaintiff to organize and invest in a corporation to take over an oil and gas lease and abandon his own petroleum development projects. The stock in the new corporation thus formed became valueless because of that fraud. ■ The Supreme Court carefully distinguished that case from the case of a stockholder's derivative suit, saying in part:

''Generally, a stockholder may not maintain an action in his own behalf for a wrong done by a third person to the corporation on the theory that such wrong devalued his stock and the stock of the other shareholders, for such an action would authorize multitudinous litigation and ignore the corporate entity. ■ Under proper circumstances a stockholder may bring a representative action or derivative action on behalf of the corporation. [Citations.] . . . ■ '. . . The action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to *the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets.'* '' (28 Cal.2d 530.) (Emphasis added.)

■ In a stockholder's derivative suit, the provisions of subdivision (b) of section 834 of the Corporations Code are applicable. They authorize ''the corporation or any defendant'' to move for an order requiring the plaintiff to furnish security upon the ground ''(1) That there is no reasonable probability that the prosecution of the . . . action . . . will benefit the corporation or its security holders''; or ''(2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity.''

(2) *Does the evidence support the order to furnish security to Amante, Spence and the Pennington Company? Yes.*

The applicable statute says that at the hearing upon the motion for security the court shall consider ''such evidence, written or oral, by witnesses or affidavit, as may be material'' to the grounds upon which the motion is based or to a determination of the probable reasonable expenses, including at-

torney's fees, of the corporation and the moving party which will be incurred in the defense of the action. (Corp. Code, § 834.)

■ The evidence tendered by defendants Amante, Spence and the Pennington Company included an affidavit by Milton A. Wright. Plaintiff challenges this affidavit upon the ground that Wright is neither a party to the action nor an officer of Pennington Company and failed to state in his affidavit *why it was not* "made by one of the parties" as required by section 446 of the Code of Civil Procedure. That section applies to the verification of *pleadings.* Wright's affidavit is not a pleading. It is an affidavit used as evidence. Section 446 does not apply. Wright did state that he ". . . is now and for more than twenty-five years continuously last past has been the accountant and auditor of and for the defendants" Amante, Spence and Pennington Company, and that the facts stated in his affidavit "are within the personal knowledge of this affiant by reason of his long and close familiarity with the business of said defendants." That supports the trial court's implied finding that he was qualified as a witness by affidavit.

■ Plaintiff challenges the affidavit upon the additional ground that although Wright denied material allegations of the complaint and affirmatively stated other facts in support of his statement that "there is no reasonable probability" that prosecution of the action "will result in any benefit whatsoever" to the Pennington Company or its security holders, he expressly admitted that after the death of Joseph P. Toboni, Jr., notices of meetings of the board of directors of Pennington Company were not given to plaintiff herein "for the reason that she was not and never was a member of the Board of Directors . . . and for said reason not entitled to notice of such meeting." Such an admission did not render insubstantial other statements in the affidavit which tended to prove that liquidation of the Pennington Company was properly and lawfully conducted for the purpose of avoiding imminent insolvency and bankruptcy. It was the function of the trial court to weigh that and any other evidence adduced at the hearing of the motion. Plaintiff has failed to show a basis for a reviewing court to disturb the trial court's findings and conclusions.

(3) *Defendants Tom Cooney and Tom Cooney Company were not barred from seeking and obtaining an order for se-*

*curity because of a lack of "interest" in the Pennington Company.*

Plaintiff says that these two defendants "are not entitled to security of any kind or character from Plaintiff as they have no interest whatsoever in the corporation." If by that she means that only a defendant who is a "security holder" of the corporation involved may obtain security, she is mistaken. Section 834 of the Code imposes no such limitation. Subdivision (b) of that section accords that privilege to "any defendant," after he or it has been served with summons. Any doubt that anyone may have entertained upon this subject was dispelled by our Supreme Court when it approved the dismissal of an action upon plaintiff's failure to comply with an order directing him to furnish security to a "third person" defendant. (*Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11 [265 P.2d 1].) The Supreme Court said, in part: ". . . the Legislature, for the protection of third persons who have dealt with the corporation, as well as for the protection of the corporation and its officers and employes, can constitutionally require that the stockholder who would act as in the nature of a guardian ad litem must, as a condition of prosecuting the action on behalf of the corporation, either show a reasonable probability that the suit will be successful or secure the payment of the defendants' expenses should they prevail. The Legislature, of course, can attribute some weight to the fact that the corporation has not seen fit to institute action on a cause which either belongs to it or to no one." (Pp. 23-24.)

The orders appealed from are affirmed.

Bray, P. J., and Tobriner, J., concurred.