[Civ. No. 27474.    Second Dist., Div. One.    Feb. 11, 1964.]

In re O'BRIEN MACHINERY, INC., in Voluntary Dissolution. KERMIT R. HILLSETH, Petitioner and Respondent, v. DANIEL C. O'BRIEN, Objector and Appellant.

Guerin & Guerin, Paul Burke, Joseph Doyle and John Guerin for Objector and Appellant.

Voegelin, Barton, Harris & Callister and Richard F. Oett, ing for Petitioner and Respondent.

FOURT, J.—This is an appeal from (1) an order wherein the court assumed jurisdiction over the voluntary winding up and dissolution of a California corporation and (2) an order appointing a provisional director and (3) an order (pending the adoption by the board of directors of a plan of liquidation and dissolution) restraining and enjoining the officers, directors, employees, agents and servants of the corporation from selling or otherwise disposing of the assets belonging to the corporation.

The petition of Kermit R. Hillseth set forth among other things that: the petition was filed pursuant to the provisions of section 4607 and 4613 of the Corporations Code; the corporation (O'Brien Machinery, Inc.) was organized and existing under California law with the principal place of business thereof in Los Angeles County; the corporation voluntarily had elected to wind up its affairs and dissolve; such proceeding commenced October 31, 1962, when 50 per cent of the voting power of the corporation executed a written election and consent to voluntarily wind up and dissolve the corporation (a copy thereof is attached to the petition); on or about November 5, 1962, there was filed in the office of the Secretary of State of California a certificate stating that the corporation had elected to wind up and dissolve (a copy of said certificate is attached to the petition); the total number of issued and outstanding shares of the corporation is 2,000 shares and petitioner is the holder of record of 1,000 shares; all of the shares of the corporation are of the same class and petitioner is the owner of 50 per cent of said shares; court supervision is necessary because (a) petitioner and Daniel C. O'Brien are the only shareholders, (b) there are only two directors and the shareholders are unable to elect an unequal number of directors, (c) the shareholders are divided into two factions, the O'Briens and the Hillseths, and likewise the board of directors is divided and is so deadlocked that the business cannot be conducted with advantage to the stockholders; (d) in November 1961 O'Brien petitioned the superior court in Los Angeles County to appoint a provisional director in an attempt to break the deadlock, a provisional director was appointed by the court and acted as such until September 1962 when he was relieved by order of the court; since the provisional director was removed there have been no meetings of the board of directors, the commercial bank account has been closed and money received from sales of corporate assets has been held by the director making the sale to the exclusion of the other director; sales of corporate assets have been made by O'Brien of which neither the other director nor petitioner knows and attempts to secure information with reference thereto have been fruitless; unless a provisional director is appointed no plan of dissolution or liquidation will be agreed upon by reason of the dissension which exists and the inability of the parties to agree upon anything; the dispute between the shareholders has existed since the spring of 1960, the previous appointed provisional

director asked to be relieved because his usefulness was frustrated by his inability to effect a termination of the dissension: O'Brien has in his possession funds belonging to the corporation as a result of the sales of corporate assets.

A restraining order (restraining sales of corporate assets) was sought because petitioner was unable to state which of several methods of liquidation should be used, some of such possibilities being a sale of the business, a sale of the inventory and stock separate from the real property either by an auction or in one lot, a sale to an auctioneer or by holding an auction; the corporation was engaged in the purchase and sale of used machinery of all types. The petition was verified by Hillseth.

The record discloses that Hillseth previously filed an action against O'Brien on behalf of the corporation for damages for breach of fiduciary duty, competition with the corporation, diversion of corporate opportunities and wrongful use of confidential information (case number 758853). O'Brien filed an action against Hillseth for ·dissolution of a purported joint venture and for damages for breach of contract and declaratory relief with reference to the joint venture (case numbered 793508). O'Brien also had filed as above indicated a petition for the appointment of a provisional director (case number 782120). In the last mentioned case O'Brien proceeded under the provisions of Corporations Code, section 819, and alleged in his petition among other things that he was one of only two directors of the corporation and was the holder of record of one-half of the issued and outstanding shares, that the holders of the voting shares were divided into two factions and could not agree, there was internal dissension, there were only two coequal shareholders, each owning one-half of the stock, that the factions were so deadlocked that business could no longer be conducted to advantage. As heretofore set forth the court appointed a provisional director pursuant to the O'Brien petition and such director served for almost a year and then sought to be relieved, such director alleging among other things that a provisional director was not an adequate remedy under the circumstances "and that something more drastic than merely breaking a deadlock on the board of directors is required, such as the appointment of a receiver or the voluntary or involuntary dissolution of the corporation."

Daniel C. O'Brien filed what is denominated an answer to the petition wherein he set forth among other things that the

stock of the corporation "... is held in the name of... Hillseth as to one-half of all the outstanding and issued stock, and in the name of DANIEL C. O'BRIEN as to the other one-half..."; that there was a joint venture agreement between himself and Hillseth with reference to the ownership of the stock and which purportedly governed the conduct of the two men with reference to the corporation. The answer is in form and fact a statement of evidentiary facts as distinguished from a pleading of ultimate facts. The answer is verified. One thread which runs throughout the answer is the contention or assertion thät the corporation stock is owned in the names of Hillseth and O'Brien, individually, with an underlying joint venture agreement, which agreement controls the activities of the stockholders as such. Further, there is the contention by O'Brien that Hillseth is guilty of bad faith in his attempt to dissolve the corporation.

Upon notice a hearing was had on the petition of Hillseth in the superior court on November 23, 1962. The minute entry of that session of the court indicates that the cause was submitted at that time. There is no reporter's transcript before this court as to what was stated or done at that hearing. Neither side appeared at the oral argument before this court and as a consequence this court was not afforded an opportunity to question counsel as to what was said and done at such hearing. On November 29, 1962, Hillseth filed a memorandum of points and authorities, a declaration of Kermit R. Hillseth and a declaration of Isabel Hillseth in support of the petition. Copies of the last mentioned documents were served upon one of the attorneys for O'Brien, which attorney's address was not the same as the address indicated on the previous pleadings filed by O'Brien. In any event, the documents were mailed on a Thursday, (November 29, 1962) and were received by O'Brien's counsel on the following Monday (December 3, 1962).

On December 6, 1962, a document titled "Supplemental Affidavit of Daniel C. O'Brien in Opposition to Petition for Dissolution" was filed. On that same date, December 6, 1962, the clerk's minutes reflect that the court granted the petition of Hillseth and instructed counsel for the petitioner to prepare a formal order. We have no way of ascertaining whether the court order was made before or after the filing of the supplemental affidavit of O'Brien.

On December 10, 1962, O'Brien, through his counsel, filed a notice of motion for an order to reopen the cause for the

purpose of considering certain additional evidentiary matters. On December 14, 1962, the hearing on the last mentioned motion was continued to January 4, 1963. On the latter date a hearing was had on the motion to reopen the case and on February 11, 1963, the court filed a minute order denying such motion to reopen the cause.

Appellant now asserts that (1) the court did in fact reopen the cause generally by its order of December 14, 1962, (2) in the event it did not so reopen the case such a failure to reopen constituted an abuse of discretion, (3) there should have been a trial on the merits, (4) the supplemental affidavit of O'Brien shows that Hillseth was not the owner of 50 per cent of the shares of the corporation, (5) proceedings in this case should have been stayed pending the determination in another action of whether the ownership of the shares were in fact instrumentalities of the joint venture and that (6) the court erred in failing to make findings of fact and conclusions of law.

The record before this court does not disclose that the court did reopen the case after its order granting the petition of Hillseth was made on December 6, 1962. The clerk's minute entry of December 14, 1962, simply states that by agreement and request of counsel the motion to reopen was continued to January 4, 1963, and the parties were permitted to file "further affidavits—petitioner by December 21, 1962, and respondents by January 2, 1963." On December 14, 1962, O'Brien filed supplemental points and authorities in opposition to court supervision and on December 21, 1962, Isabel Hillseth filed a supplemental declaration in support of the original petition and which in effect was an answer to the earlier declaration of O'Brien of December 14, 1962. O'Brien filed a second supplement on January 2, 1963, and a declaration of an employee. On January 2, 1963, there was also filed a memorandum of points and authorities by Hillseth, and O'Brien further filed for the first time an objection to the form of the proceedings and to the introduction of affidavits or declarations as evidence and further filed a notice of motion to strike the affidavit of Hillseth or in the alternative to strike certain parts therefrom. The matters as to whether the case should be reopened and as to whether the affidavits of Hillseth should be stricken were submitted on January 4, 1963, and on February 11, 1963, the court denied the application to reopen the case and denied the motion to strike the affidavits of Hillseths or any part thereof. On Feb-

ruary 19, 1963, the court signed the formal order assuming jurisdiction over the voluntary winding up and dissolution of the corporation, appointed a provisional director and pending adoption by the board of directors of a plan of liquidation and dissolution the court restrained the officers and employees from selling or disposing of the assets of the corporation and ordered that the creditors be paid, reports be made to the court and further that the provisional director in the future receive further instructions from the court as necessary.

It is apparent that the court determined that the showing made by O'Brien and his counsel after the order of December 6, 1962, was not sufficient to compel a vacating of that order granting the petition of Hillseth. We find nothing in the record which under the circumstances discloses any abuse of discretion by the judge in the making of his ruling.

■ With reference to the contention that there should have been a trial upon the merits it is sufficient to state that appellant made no objection to the introduction of the petition and the affidavits in support thereof and appellant himself used documents in affidavit form in opposition to the petition and thereby effectively closed the door to any such contention upon his part in this court. In other words the parties themselves adopted the use of affidavits in the presentation of the matter in dispute to the trial court in support of their respective positions. ''Both having participated in such presentation of the evidence as a matter of convenience... they cannot question the propriety of the procedure on appeal.... ■ Moreover, evidence which is admitted in the trial court without objection, although incompetent, should be considered in support of that court's action... and objection may not be first raised at the appellate level.'' (*Estate of Fraysher*, 47 Cal.2d 131, 135 [301 P.2d 848].)

■ A verified pleading is itself an affidavit and may be considered as such (2 Cal.Jur.2d Affidavits, § 4, p. 616; *Albertson* v. *Raboff*, 185 Cal.App.2d 372, 388 [8 Cal.Rptr. 398]; *Hoffman* v. *City of Palm Springs*, 169 Cal.App.2d 645, 648 [337 P.2d 521]; 1 Witkin, Cal. Procedure, § 260, p. 781).

■ ''In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein, but also all facts which reasonably may be inferred therefrom. Where there is substantial conflict in the facts presented by affidavits, the determination of the contro-

verted facts by the trial court will not be disturbed on appeal.'' (*Beckett* v. *Kaynar Mfg. Co., Inc.,* 49 Cal.2d 695, 699 [321 P.2d 749]. See also *Falk* v. *Falk,* 48 Cal.App.2d 780 [120 P.2d 724] ; *Vartanian* v. *Croll,* 117 Cal.App.2d 639 [256 P.2d 1022] ; *Turner* v. *Citizens National Bank* 206 Cal. App.2d 193, 203 [23 Cal.Rptr. 698] ; *Fallon* v. *Fallon,* 86 Cal.App.2d 872 [195 P.2d 878] ; *Estate of Reilly,* 81 Cal. App.2d 564 [184 P.2d 922] ; *Griffith Co.* v. *San Diego College for Women.* 45 Cal.2d 501, 507-508 [289 P.2d 476, 47 A.L.R.2d 1349].)

It is fairly apparent that in the first instance appellant was agreeable to having the cause presented by affidavits and further was agreeable to a determination based upon such affidavits. When he ascertained that the determination was against him, appellant first wanted to reopen the cause to the end that he could present more evidence by way of affidavits—he then objected to the use of affidavits and made motions to strike. The court as heretofore indicated denied the motion to reopen and denied the motion to strike and in effect let the determination as of December 6, 1962, stand as the order of the court.

There apparently is no reporter's transcript which sets forth what was said at the hearing on November 23, 1962. We must presume that the orders made by the court were proper, in fact we require an affirmative showing that the orders were improper or in error before we will reverse.

A California corporation can only be dissolved in the manner and under the conditions prescribed in the Corporations Code (§§ 4600-4692; *Keeler* v. *Schulte,* 47 Cal.2d 801, 803 [306 P.2d 430]). There is no particular statutory procedure for corporate dissolution proceedings in the sense that witnesses must be brought into court, be sworn and testify in open court. We see no reason why, if the parties, their counsel and the court are agreeable to it and no objection is made, the matter of a dissolution petition could not be presented by affidavits as was done in this case. To be true, it may not be the preferred procedure but it is not illegal or improper.

Appellant has devoted much time in his briefs to that which is contained in the documents filed by him in his effort to have the cause reopened. The trial court for good cause and reason did not reopen the case and we will not consider the documents and their contents filed in support of the motion to reopen as if they were before the court at the time the

court made the original order granting the petition on December 6, 1962.

As of the date of December 6, 1962, when the order granting the petition was made, the record shows that there was ample and substantial evidence for the court to make the orders it did make. A reading of the documents presented by petitioner dictates that if what is stated therein is true (and the trial judge apparently believed what was set forth therein), the petitioner was proceeding in the utmost good faith and was only attempting to salvage something from the corporation for the benefit of the stockholders. Indeed, petitioner is only asking substantially what O'Brien had previously asked for in one of his proceedings.

A question arises of which no mention has been made by either party hereto—namely whether an order appointing a provisional director under the circumstances as presented in this case is appealable. Appellant apparently believes it is an appealable order because he has attempted to appeal from the same. Respondent has not indicated that it is not an appealable order. Query, are an order appointing a provisional director under the circumstances as heretofore presented, and a restraining order as heretofore made, appealable?

No appeal can be taken except from an appealable order or judgment as defined in the statutes or as developed by the case law. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 613 [311 P.2d 8].) An order appointing a provisional director under the Corporations Code is not one of the several orders specified as being appealable by Code of Civil Procedure, section 963, subdivision 2. Query, may such an order be considered a final judgment within the meaning of subdivision 1 of section 963, Code of Civil Procedure, as developed by the case law?

The two orders last above set forth are, in our opinion, not appealable. (See 3 Witkin, California Procedure, page 2151; *Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118-119 [199 P.2d 668]; *Efron* v. *Kalmanovitz*, 185 Cal.App.2d 149, 154-155 [8 Cal. Rptr. 107].) In *Edlund* v. *Los Altos Builders*, 106 Cal.App.2d 350, 354 [235 P.2d 28], the court specifically held that "the order appointing a provisional director is, in our opinion, not appealable." The opinion in the last mentioned case sets forth that there (as here) the pending proceeding was for the dissolution of the corporation, that the order appointing the provisional director was incidental to and an integral

572

part of that proceeding. The order with reference to the provisional director did not direct the payment of any money by appellant, nor the performance of any act by or against him. It would seem to follow that the same can be said with reference to the order which restrained the officers and employees from selling or otherwise disposing of the assets of the corporation until the plan of liquidation had been settled upon.

If the order is appealable it would seem without question that it should be affirmed for there were ample legal justifications and evidence to support the order.

■ What we have hereinabove stated with reference to findings might seem to indicate that ordinarily, in a proceeding to dissolve a corporation, findings are required. It has been stated that such an action (dissolution of a corporation) is a special proceeding (*Merlino* v. *Fresno Macaroni Mfg. Co.*, 74 Cal.App.2d 120, 124 [168 P.2d 182]), and that findings are not required in special proceedings unless the statute so requires. (*Esparza* v. *Kadam, Inc.*, 182 Cal.App.2d 802, 806-807 [6 Cal.Rptr. 450]. See also *Adoption of Pitcher*, 103 Cal.App.2d 859 [230 P.2d 449].) Appellant here has not pointed to any provision in the Corporations Code which requires findings.

We cannot state, nor can we ascertain from the record, whether findings were waived at the hearing on the petition. It was appropriately stated in *Carpenter* v. *Pacific Mutual Life Ins. Co.*, 10 Cal.2d 307, 326 [74 P.2d 761], ''The properly authenticated record does not disclose that findings were not waived. From an early date it has been held in this state that on a judgment roll appeal the mere nonappearance of findings where required by statute does not necessarily establish error. The statutes requiring findings recognize that this requirement may be waived. . . . Error is never presumed, but must be affirmatively shown. Where findings do not appear, and are required on a judgment roll appeal it will be conclusively presumed, in the absence of a proper record showing the contrary, in support of the judgment, that such requirement was waived.''

■ Appellant complains that he did not have an opportunity to present a reply to Kermit R. Hillseth's and Isabel A. Hillseth's declarations in support of the petition. The record indicates that appellant had 13 days from the date the cause was submitted on November 23, 1962, to the date of determination on December 6, 1962. Nothing appears before this court to indicate that appellant was not at liberty during any or all

of that time to submit whatever he determined might be pertinent, proper and of benefit to his side of the dispute.

It seems clear that the petitioner impressed the trial court with his honesty and good faith and we find nothing in the present record which indicates that there is any good reason to interfere with the orders made by the judge.

The attempted appeals from the order appointing a provisional director and the order restraining the officers and others from disposing of the assets of the corporation (pending certain determinations) are and each is dismissed.

The order whereby the court assumed jurisdiction over the voluntary winding up and dissolution of the corporation is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1964. Traynor, J., was of the opinion that the petition should be granted.