418 F.2d 226
 David ERLICH, Appellant,
v.
Juda GLASNER, Bezlial Orlanski, Neptali Friedman, Osher Zilberstein; Juda Glasner and Osher Zilberstein doing business as the United Orthodox Rabbinate of Greater Los Angeles, United Orthodox Rabbinate of Greater Los Angeles, A. M. Bauman and Jacob Adler, Appellees.
 No. 22480.
 United States Court of Appeals Ninth Circuit.
 October 28, 1969.
 
 Joseph W. Fairfield (argued), Ethelyn F. Black and Alfred W. Omansky, Beverly Hills, Cal., for appellant.
 Frederick C. Quimby Jr., (argued), of Veatch, Carlson, Dorsey & Quimby, Los Angeles, Cal., Thomas C. Lynch, Atty.Gen., Herschel T. Elkins, and A. Wallace Tashima, Deputy Attys. Gen., Henry F. Walker, Los Angeles, Cal., of Counsel, for appellees.
 Before DUNIWAY, HUFSTEDLER and KILKENNY, Circuit Judges.
 KILKENNY, Circuit Judge:
 
 
 1
 This is an appeal from a dismissal by summary judgment of appellant's Civil Rights* action. The controversy has been before this Court on two previous occasions. Erlich v. Glasner, 352 F.2d 119 (9th Cir.1965) and Erlich v. Glasner, 374 F.2d 681 (9th Cir.1967). We affirm.
 
 
 2
 Appellant and his wife own all the capital stock of West Coast Poultry Company, a California corporation. During the period in question, appellant was president and general manager of the corporation which was engaged in the business of slaughtering and dispensing kosher poultry. Appellee Glasner is a Civil Service employee, employed by the Department of Health of the State of California as Kosher Food Law representative. He is charged with the enforcement of California Penal Code § 383(b). In his official capacity, he filed two criminal complaints against appellant for alleged violations of the section just mentioned. These prosecutions were unsuccessful. In addition to his official duties as Kosher Food Law representative, the appellee Glasner, and others, are engaged in a private undertaking which oversees, to some extent, the production and distribution of kosher foods. This undertaking is conducted under the name of United Orthodox Rabbinate of Greater Los Angeles. The criminal actions were prosecuted against the appellant in his admitted capacity as president and manager of the corporation.
 
 
 3
 We are faced with the threshold question of whether appellant can maintain an action under the Civil Rights Act for damages suffered by a corporation, of which he is a stockholder.
 
 
 4
 It is clear that the claimed damages were suffered by the corporation, rather than by appellant. In the final analysis, appellant charges that appellee Glasner's interference with the business of West Coast Poultry Company "is a direct interference with plaintiff's right to operate his business and earn a livelihood for himself and family . . ." and that appellee Glasner's interference "with the business of West Coast Poultry Company is a direct interference with the right of the plaintiff to peacefully operate his business and earn a livelihood for himself and family * * *", and that as a direct result of "overt acts hereinabove set forth, plaintiff has sustained damage and injuries to his business and right and ability to earn a livelihood for himself and his family, all to plaintiff's damage in the sum of $250,000.00." (Emphasis supplied.) He also claims punitive damages. Nothing in the affidavits filed in opposition to the motion for summary judgment changes the nature of the appellant's demand for damages. For that matter, on the record before us, aside from a possible state action for malicious prosecution, it is difficult to even imagine any claim for damages, other than those suffered by the corporation, if any.
 
 
 5
 Appellant recognizes the fundamental rule that even though a stockholder owns all, or practically all, of the stock in a corporation, such a fact of itself does not authorize him to sue as an individual. 13 Fletcher, Cyclopedia of The Law of Private Corporations 366, § 5910 (1961 rev. vol.) He would, however, avoid the effect of the general rule by claiming that "a cause of action may exist in favor of both corporation and the stockholder", citing Sutter v. General Petroleum Corp., 28 Cal.2d 525, 170 P.2d 898, 167 A.L.R. 271 (1946). His faith in Sutter is misplaced. There, the plaintiff claimed he was damaged individually and directly by reason of the fraud of the defendant which induced plaintiff to organize a corporation to take over an oil and gas lease and abandon his own petroleum development projects. The fraud of defendant rendered valueless the stock in the new corporation. Clearly, the case is not in point. For that matter, Sutter supports the position of appellee Glasner. It restates the uniform rule that generally a stockholder may not maintain an action in his own behalf for a wrong done by a third person to the corporation on the theory that such wrong devalued his capital stock. Such an action, it was there said, would authorize multitudinous litigation and ignore the corporate entity. Sutter also recognized that under proper circumstances a stockholder might bring a derivative action on behalf of the corporation. There is no claim that this is a derivative action. A more recent case supporting the same general rule is Toboni v. Pennington Millinery Co., 172 Cal.App.2d 47, 341 P.2d 845 (1959).
 
 
 6
 Simply stated, the claimed damages are those of the corporation, not those of the appellant. We find nothing in the Civil Rights Act which would permit appellant to circumvent the rule of law just stated, completely avoid the corporate entity and thus maintain an action in his own name. Appellant cannot maintain this action.
 
 
 7
 Our conclusions on this point render unnecessary a discussion of the other issues presented.
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 *
 42 U.S.C. § 1983