[Civ. No. 45039. First Dist., Div. One. Jan. 11, 1979.]

STAR MOTOR IMPORTS, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
GLEN R. SHAKE, Real Party in Interest.

**COUNSEL**

Bernd W. Schmidt for Petitioner.

No appearance for Respondent.

Glen R. Shake, in pro. per., for Real Party in Interest.

## OPINION

**ELKINGTON, Acting P. J.**—We issued an alternative writ of mandate in this matter upon a representation that the superior court, at a trial de novo on a small claims court appeal, expressly permitted hearsay testimony by the respondent therein, contrary to Evidence Code section 1200 and California Rules of Court, rule 155. ■ But we have concluded that the writ was improvidently issued by us for the reason that the application therefor was fatally defective. The proceeding will, for the reasons we now proceed to state, be dismissed.

The case points up a problem of concern in the rapidly increasing use by the bar of the extraordinary writs of mandate and prohibition.

Contrary to settled law and what should be settled procedure, the instant writ application was unaccompanied by any record of the superior court's criticized rulings, or the oral proceedings on which they were based, or any excuse for such a record's nonproduction.

■ "[A] writ of mandate will not issue unless it is demonstrated that the trial court abused its discretion. . . . ' "A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' . . . Just as an appellant must furnish an adequate record on appeal (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345 and cases there cited), a petitioner for an extraordinary writ to the trial court must furnish a record sufficient to enable the reviewing court to evaluate the lower court's exercise of discretion." (Italics in original; *Lemelle* v. *Superior Court,* 77 Cal.App.3d 148, 156 [143 Cal.Rptr. 450], and see authority there collected.)

■ Lacking such a record, we had relied upon the applicant's attorney's positive statements, apparently under oath, of the matters giving rise to the application. Their content, we opined, reasonably suggested counsel's personal knowledge of those matters and his presence at the time and place of their alleged occurrence.

But our subsequent and closer examination of the writ application revealed that as to *all of its allegations,* the "verification" required by Code of Civil Procedure section 1086 was made by counsel "under penalty of perjury, *upon information and belief,* . . ." (Italics added.)

■ A "verification" is an affidavit verifying the truth of the matters covered by it. (Code Civ. Proc., § 2009; *In re O'Brien Machinery, Inc.,* 224 Cal.App.2d 563, 569 [36 Cal.Rptr. 782]; *Hoffman* v. *City of Palm Springs,* 169 Cal.App.2d 645, 648 [337 P.2d 521]; *Osborn* v. *City of Whittier,* 103 Cal.App.2d 609, 619 [230 P.2d 132].) "Its object is to assure good faith in the averments or statements of a party" to litigation. (*Sheeley* v. *City of Santa Clara,* 215 Cal.App.2d 83, 85 [30 Cal.Rptr. 121]; *Albertson* v. *Raboff,* 185 Cal.App.2d 372, 388 [295 P.2d 405].)

■ An affidavit based on "information and belief" is hearsay and must be disregarded (*Franklin* v. *Nat C. Goldstone Agency,* 33 Cal.2d 628, 631 [204 P.2d 37]; *Moore* v. *Thompson,* 138 Cal. 23, 26 [70 P. 930]; *Judd* v. *Superior Court,* 60 Cal.App.3d 38, 43 [131 Cal.Rptr. 246]; *Tracy* v. *Tracy,* 213 Cal.App.2d 359, 362 [28 Cal.Rptr. 815]), and it is "unavailing for any purpose" whatsoever (*Gay* v. *Torrance,* 145 Cal. 144, 151 [76 P. 717]; *Ex Parte Yonetaro Fkumoto,* 120 Cal. 316, 321 [52 P. 726]; *Enter* v. *Crutcher,* 159 Cal.App.2d Supp. 841, 845 [323 P.2d 586]; *Bank of America* v. *Williams,* 89 Cal.App.2d 21, 29 [200 P.2d 151]).

We have not overlooked the provision of Code of Civil Procedure section 446 that in "all cases of a verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes it to be true; . . ."

This provision, insofar as it purports to permit verification on "information or belief," palpably refers to pleadings that *join issues,* such as the common complaint and answer of a lawsuit. (See *Pridonoff* v. *Balokovich,* 36 Cal.2d 788, 792 [288 P.2d 6]; *Toboni* v. *Pennington Millinery Co.,* 172 Cal.App.2d 47, 52 [341 P.2d 845]; *Buxton* v. *International Indemnity Co.,* 47 Cal.App. 583, 590-591 [191 P. 84].) Where the verification, or affidavit, is to be "used as evidence" of facts, "Section 446 [Code Civ. Proc.] does not apply." *(Toboni* v. *Pennington Millnery Co., supra,* p. 52.) ■ Matters alleged on "information and belief" do "not serve to establish the facts . . . because an affidavit which is to be used as evidence must be positive, direct and not based upon hearsay." (*Gutierrez* v. *Superior Court,* 243 Cal.App.2d 710, 725 [52 Cal.Rptr. 592].) A ruling "of the court is to be based upon facts which may be presented to it, and not upon the belief of the affiant." (*Pelegrinelli* v. *McCloud River etc. Co.,* 1 Cal.App. 593, 597 [82 P. 695].) Such allegations on "information and belief" furnish " 'no proof of the facts stated . . . .' " (*Franklin* v. *Nat C.*

*Goldstone Agency, supra,* 33 Cal.2d 628, 631; *Kellett* v. *Kellett,* 2 Cal.2d 45, 48 [39 P.2d 203].)

A valid petition for mandate and such exhibits as may be referenced or incorporated therein will ordinarily state *facts,* verified as required by Code of Civil Procedure section 1086, calling for judicial relief. When deemed proper the relief sought usually, and initially, takes the form of an ex parte (see Code Civ. Proc., § 1107, 2d par.) alternative writ of mandate commanding the respondent to do an act or show cause at a specified time and place why he has not done so. Because of the required verified factual showing, "the burden is cast upon the respondent to proceed and show to the satisfaction of the court why he has not performed the act demanded . . . ." (*Dare* v. *Bd. of Medical Examiners,* 21 Cal.2d 790, 797 [136 P.2d 304].)

If the respondent shall make no appearance, the writ "cannot be granted by default" (Code Civ. Proc., § 1088), and the petitioner's entitlement to relief will depend upon his factual showing at a hearing "on the [verified] papers of the applicant" (Code Civ. Proc., § 1094; and see *Azeria* v. *California Adult Authority,* 193 Cal.App.2d 1, 3 [13 Cal.Rptr. 839]; *Town of Hayward* v. *Pimental,* 107 Cal. 386, 390 [40 P. 545]). And if the respondent shall make the necessarily verified (see Code Civ. Proc., § 1089) return, or answer, there will be a hearing where the factual dispute, if any, will be resolved (see Code Civ. Proc., § 1090). In such a case, as is commonly known, the controversy will as often as not be resolved on the verified papers of the parties.

And where, as here, the application is made to a reviewing court unequipped for a testimonial hearing, the controversy (except perhaps on rare occasions) will necessarily be resolved upon the parties' verified papers containing evidence which is "positive, direct and not based upon hearsay." (See *Gutierrez* v. *Superior Court, supra,* 243 Cal.App.2d 710, 725.)

The alternative writ of mandate is discharged, and the proceedings are dismissed.

Newsom, J., and Deal, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.