[Civ. No. 51165. First Dist., Div. Two. Feb. 20, 1981.]

JOEL DEPRETTO, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
DOROTHY WATKINS et al., Real Parties in Interest.

**38**

Counsel

Roland Mallory and Mallory, Shmiyeh & Bowie for Petitioner.

No appearance for Respondent.

James P. Castles, Gordon & Rees, Steven R. Anthony and Knox, Ricksen, Snook, Anthony & Robbins for Real Parties in Interest.

Opinion

SMITH, J.—Petitioner, plaintiff in a personal injury action, seeks relief by writ of mandate to compel respondent superior court to set aside its order of November 4, 1980, which transferred her action from the superior court to the municipal court. The order was made after petitioner's action had been submitted to arbitration pursuant to the provisions of Code of Civil Procedure section 1141.11, subdivision (a),[1] an award of damages in the sum of $6,000 had been made, petitioner had requested a trial de novo pursuant to the provisions of section 1141.20, and settlement negotiations had proved unsuccessful. We have concluded that petitioner is entitled to relief: the order deprives petitioner of her right to establish damages within the jurisdiction of the superior court. (*Davis* v. *Superior Court* (1972) 25 Cal.App.3d 596, 600-601 [102 Cal.Rptr. 238].)

On September 1, 1978, when petitioner filed her complaint for damages with the superior court, the monetary jurisdiction of the municipal court was $5,000 (former § 89, now § 86). By amendment (Stats. 1978, ch. 146, § 1, operative July 1, 1979), $15,000 was substituted for $5,000 wherever it appeared in the statute and subdivision (d) was added. Subdivision (d) provides that "Changes in the jurisdictional ceilings made by amendments to this section at the 1977-78 Regular Session of the Legislature shall not constitute a basis for the transfer to another court of any case pending at the time such changes become operative."

Petitioner alleges in her petition that she filed her action in the superior court in good faith, believing that her causes of action had a

---

[1]All subsequent code references shall be to the Code of Civil Procedure.

value well in excess of $5,000, the then minimum jurisdictional limit of the superior court. Petitioner further alleges that she was compelled to arbitrate by the provisions of Code of Civil Procedure section 1141.11, subdivision (a),[2] that she sought a trial de novo because she believed in good faith that the value of her causes of action exceeded the $6,000 awarded by the arbitrator, and that she will lose her priority on the setting calendar (Code Civ. Proc., § 1141.20)[3] if the cause is transferred to the municipal court.

■ Although respondent and real parties in interest were served with copies of the petition and the alternative writ, no return was made (§ 1089; Cal. Rules of Court, rule 56 (c)). Petitioner's entitlement to relief consequently depends "on the [verified] papers of the applicant." (§ 1094; *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal. App.3d 201, 205 [151 Cal.Rptr. 721].)

"'Ordinarily the relief claimed *when the action is instituted* determines the jurisdiction of the court over the subject matter for the entire proceeding. [Citations.] ■ To ascertain the nature of and amount in controversy for determining the jurisdiction of the subject matter the complaint as a whole may be examined. [Citations.]'" (Italics added.) (*Davis* v. *Superior Court, supra*, 25 Cal.App.3d 596, 599.) ■ Here, as in *Davis*, the complaint does not appear to be fraudulent on its face. The complaint was filed when the jurisdiction of the superior court was $5,000 or more, and petitioner was awarded a sum in excess of that limit by the arbitrator. "It is recognized that there is a legitimate need to cut down the caseload of the superior courts. It cannot be fulfilled, however, by depriving litigants of their right to attempt to establish damages within the jurisdiction of that court." (*Davis* v. *Superior Court, supra* at p. 601.)

---

[2]Code of Civil Procedure section 1141.11, subdivision (a) provides: "(a) In each superior court with 10 or more judges, all at-issue civil actions pending on or filed after the operative date of this chapter shall be submitted to arbitration, by the presiding judge or the judge designated, under this chapter if the amount in controversy in the opinion of the court will not exceed fifteen thousand dollars ($15,000) for each plaintiff, which decision shall not be appealable."

[3]Code of Civil Procedure section 1141.20 provides: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar."

Let a peremptory writ of mandate issue commanding respondent court to set aside its order of transfer and to set the case for trial in accordance with the applicable law.

Rouse, Acting P. J., and Miller, J., concurred.