ODAL TYPOGRAPHERS, INC., Herbert Aldouby, and Susan Aldouby, Plaintiffs,

v.

The CITY OF NEW YORK, Three Unnamed Policemen of the City of New York, the Mint Factors, a New York Partnership, Lee Mintz and Charlotte Mintz, Defendants.

No. 81 CIV 3386 (LBS).

United States District Court, S.D. New York.

March 25, 1983.

Dennis Grossman, New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for City defendants; Charles Olstein, Asst. Corp. Counsel, New York City, of counsel.

R. Bret Mintz, New York City, for defendants Mintz and The Mint Factors.

## OPINION

SAND, District Judge.

Defendant City of New York (the City) has moved this Court for an order pursuant to Fed.R.Civ.P. 12(c) and 56(b), granting judgment on the pleadings and summary judgment on each and every cause of action against the City; an order pursuant to Fed. R.Civ.P. 21 deleting from the caption defendants described as "Three Unnamed Policemen of the City of New York" and dismissing the individual plaintiffs Herbert Aldouby and Susan Aldouby as parties; and an order pursuant to Fed.R.Civ.P. 12 striking those portions of the complaint seeking punitive and treble damages as against the City. The other defendants have taken no position on the City's motion.

Upon consideration of the motion, the papers submitted in support and opposition thereof, and the statements of counsel at oral argument, we are of the opinion that, to the extent that the City's motion seeks dismissal of each cause of action pleaded against the City, it must be denied; in all other respects, the motion should be granted.

Briefly stated, the amended complaint alleges that on two occasions defendant The Mint Factors (Factors) unlawfully seized the business premises of plaintiff Odal Typographers Inc. (Odal) and that on both occasions the City's Police Department, having been called to the scene, summarily determined that Factors was the proper occupant of the premises and excluded Odal under threat of arrest. Such actions, according to plaintiffs, were taken pursuant to a policy or custom of the Police Department that allows the ranking police officer on the premises and/or the precinct house to resolve real property disputes without affording the disputing parties any process and without furnishing to its officers any guidelines or standards by which entitlement is to be determined. Odal and the individual plaintiffs, shareholders and guarantors of Odal, seek compensatory and punitive damages from the City under 42 U.S.C. § 1983 and New York law prohibiting forcible entry and detainer, trespass, conversion, negligence, and interference with contractual relations.

The City claims that it is entitled to judgment as a matter of law solely on the ground that the City has no policy—written, express, or implied—whereby the City's Police Department, or any member thereof, would determine which party is entitled to possession of real estate premises under the circumstances alleged by plaintiffs in their complaint. Even if we were to assume that there exists no genuine issue as to whether in actual practice this is the policy of the police (a troublesome position in light of the affidavit upon which the City relies, on the one hand, and what appears to be precinct-level involvement in the incidents at issue, on the other), the City neglects to address plaintiffs' contention that the City's failure to develop and promulgate any guidelines for its officers' resolution of property disputes, i.e., a policy of "no policy", is in itself the cause of plaintiffs' injury, Amended Complaint ¶ 30(c), and gives rise to a § 1983 claim under *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.1979). Accordingly, on the record now before us we cannot agree with the City's broad assertion that the plaintiffs' claims are grounded in the impermissible doctrine of *respondeat superior,* and we deny the City's request for dismissal from this suit.

■ The Court is of the view that at this stage of the proceeding, when plaintiffs have completed their discovery and are consequently in a position to identify any particular policeman and join him as a party defendant, the City's motion for the deletion from the caption of "Three Unnamed Policemen" should be granted. In addition, we note that plaintiffs in their memorandum state that they would consent to the grant of this branch of the City's motion "to the extent that all plaintiffs may proceed to trial against the City". Plaintiffs' Memorandum of Law in Opposition to Defendant City's Motion to Dismiss, at 41. In light of the above-stated ruling retaining the City as a defendant, and in the absence of plaintiffs offering any rationale for conditioning the modification of the caption on the retention of the individual plaintiffs as parties to this suit, the caption should be modified as the City requests.

The individual plaintiffs that the City seeks to have dismissed from this action are both shareholders and personal guarantors of the indebtedness of the corporate plaintiff. While plaintiffs concede that there is substantial, uncontroverted precedent denying to corporate shareholders *qua* shareholders a right of action under § 1983, *e.g.,* *Erlich v. Glasner,* 418 F.2d 226 (9th Cir. 1969); *Smith v. Martin,* 542 F.2d 688, 690 (6th Cir.1976), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388 (1977); *Merco Properties, Inc. v. Guggenheimer,* 395 F.Supp. 1322, 1325–26 (S.D.N.Y.1975), they maintain that their status as guarantors entitles them to bring suit on their own behalf. They argue that the above-cited cases are premised on the notion that a shareholder's rights are merely derivative of those of the corporate entity, as evidenced by the fact that a shareholder's status is dependent on the continued existence of the corporation. Because a guarantor's status survives the corporate entity, it is asserted that a guarantor possesses a right of action under § 1983 separate and apart from any that the corporation may possess.

■ While we agree with plaintiffs that the City's reliance on the above-cited cases is misplaced, we find their attempted characterization of a guarantor's rights as non-derivative of the corporation, and thus actionable under § 1983, wholly unpersuasive. Whether a § 1983 action will lie in favor of a guarantor alleging deprivation of property without procedural due process is properly addressed in the first instance by inquiring whether the guarantor has a property interest with respect to what he alleges to have been deprived of—in this instance, "corporate income to retire indebtedness". Amended Complaint ¶ 43. We think it clear that this question must be answered here in the negative. Plaintiff guarantors are in no different position than other unsecured creditors of Odal who have extended credit with an expectation of the corporation's ability to repay its debt out of operating income. While such creditors may possess a property interest in the form of an "account receivable", their expectation as to the corporation's ongoing viability cannot itself be characterized as a property interest and judicially protected from encroachment by others as such. Were the rule otherwise, all creditors, officers, employees, and anyone else who relied on the ongoing production of corporate income would be proper plaintiffs to this suit. Indeed, owing to the fact that plaintiff guarantors have apparently not yet performed pursuant to the guaranty and have not yet therefore subrogated to the rights of the obligee, *see generally American Surety Co. v. Town of Islip,* 268 App.Div. 92, 48 N.Y.S.2d 749, 751 (App.Div. 2d Dep't 1944); 83 C.J.S. *Subrogation* § 54(e), they are no more than contingent creditors and are thus perhaps in an inferior position relative to that of Odal's creditors.

We recognize that our conclusion might be otherwise were plaintiff guarantors alleging that the City disposed of, or in some way impaired the value of, the collateral securing the guaranteed debt between the corporate debtor and the creditor-obligee. It is arguable that under those facts a guarantor, as a potential subrogee to the secured creditor, has a property right, namely, an equitable, judicially protected interest in the preservation of the collateral, *see* 57 N.Y.Jur. *Suretyship and Guaranty*

§ 321; 38 C.J.S. *Guaranty* § 116; Annot., Right of Surety Who Has Not Paid Debt to Judicial Protection of Right of Subrogation to Creditor's Securities, 160 A.L.R. 421, the interference with which would give rise to a claim of unlawful deprivation. Plaintiffs' complaint, however, cannot be read to assert the City's direct interference with the security for the underlying debt—*viz.,* Odal's equipment and accounts receivable—but rather only with Odal's occupancy of the premises. Accordingly, we do not purport to address here conclusively the issue whether a guarantor may possess a cause of action under 42 U.S.C. § 1983.

 Finally, we grant that branch of the City's motion that seeks to have stricken from the amended complaint those portions claiming punitive and treble damages from the City. In *City of Newport v. Fact Concerts,* 453 U.S. 247, 267, 101 S.Ct. 2748, 2759, 69 L.Ed.2d 616 (1981), the Supreme Court of the United States held such damages unavailable as against municipalities under § 1983. Similarly, the New York Court of Appeals in *Sharapata v. Town of Islip,* 56 N.Y.2d 332, 452 N.Y.S.2d 347, 437 N.E.2d 1104 (1982), unanimously held that the state's waiver of sovereign immunity does not extend to permit the assessment of punitive and exemplary damages against the state or its political subdivisions.

In summary, those portions of the City's motion that seek to modify the caption to eliminate reference therein to "Three Unnamed Policemen"; to dismiss Herbert Aldouby and Susan Aldouby as plaintiffs; and to strike from the amended complaint any claim for punitive and exemplary damages against the City are hereby granted; summary judgment in favor of the City is hereby denied.

SO ORDERED.