**John MCDONALD, Plaintiff–Appellant,**

**v.**

**DOMINO'S PIZZA, INC.; et al.,**
**Defendants–Appellees.**

No. 02–16900.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided June 18, 2004.

———

Allen Lichtenstein, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Daniel F. Polsenberg, Esq., Beckley Singleton, CHTD., Kaaran E. Thomas, Esq.,

James Edwards, Esq., Beckley, Singleton, Jemison, Cobeaga & List, Las Vegas, NV, for Defendants–Appellees.

Before: O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant John McDonald appeals the district court's dismissal of his action brought under 42 U.S.C. § 1981. Because they are known to the parties, we do not recite the facts.

While a shareholder cannot maintain a civil rights action for injury suffered only by the corporation, *see Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir.1969), we have acknowledged that "[t]he same discriminatory conduct can result in both corporate and individual injuries." *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir.1983). In *Gomez*, we held that a physician of Hispanic origin who practiced medicine as an employee of a professional corporation had standing to sue under 42 U.S.C. § 1981 when the defendant hospital rejected, for allegedly racial reasons, the corporation's contract proposal to operate the hospital's emergency room. *Id.* at 1021–22. The physician had alleged injuries distinct from that of the corporation, including loss of employment as director of the defendant's emergency room, as well as "humiliation and embarrassment." *Id.* at 1021.

Though our sister circuits may reach a contrary result, *see, e.g., Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1065, 1071–73 (10th Cir.2002), *Gomez* squarely controls this case. While Mc-Donald was not formally a party to the contract, he may nonetheless sue under § 1981 insofar as he seeks recovery for individual injuries separate and distinct from contract damages suffered by JWM Investments, Inc.

**REVERSED and REMANDED.**