**Fidel CRUZ; et al., Plaintiffs—Appellants,**

v.

**CITY OF LOS ANGELES, a municipal corporation, Defendant—Appellee,**

and

**Pena, Los Angeles Police Officer, Defendant.**

No. 04–57160.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 14, 2007.

Frank A. Weiser, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Amy Jo Field, Esq., Rockard J. Delgadillo, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM **

Plaintiffs Fidel Cruz and Delza Cruz, who are operators of the Hotel Stuart, appeal from a summary judgment in favor of Defendant City of Los Angeles in their action under 42 U.S.C. § 1983. On de novo review, *Christie v. Iopa*, 176 F.3d 1231, 1234 (9th Cir.1999), we affirm.

1. Plaintiffs cannot establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir.2002) (setting forth the "two paths" to municipal liability). There is no "direct path to municipal liability" here, *id.*, because there is no evidence of a policy, practice, or custom by the City of Los Angeles or a decision by a municipal policymaker concerning how to handle a tenant who has been illegally locked out of his room, *see Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018 (explaining that liability may be based on an unconstitutional policy, practice, or custom); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (explaining that liability may be based on a single

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision by municipal policymakers under appropriate circumstances). Indeed, the record demonstrates clearly that the situation was an isolated event. *See Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

The "second route to municipal liability". is also lacking here, because there is no evidence of "deliberate indifference." *Gibson,* 290 F.3d at 1193–94; see also *City of Canton v. Harris,* 489 U.S. 378, 387, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (holding that liability exists if a constitutionally valid policy is applied unconstitutionally by an employee and the municipality failed to train the employee adequately).

2. Even assuming that Plaintiffs could establish *Monell* liability, they have not raised an issue of material fact. Plaintiffs cannot establish a violation of their due process rights because there has been no deprivation of a property interest. *See Wedges/Ledges of Cal., Inc. v. City of Phoenix,* 24 F.3d 56, 62 (9th Cir.1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."). Plaintiffs also cannot establish a Fourth Amendment violation because there was no "meaningful interference with [their] possessory interests in th[e] property." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). It is undisputed that the police officers did not

occupy the hotel room or take property from the hotel. Plaintiffs and their corporation[1] still retain all the same legal interests in the room.

3. Plaintiffs cannot establish a constitutional violation based on the police officer's threat of an arrest. The police officers did not arrest Plaintiff Fidel Cruz, and Plaintiff Delza Cruz was not present during the incident. The threat of arrest was merely a communication of the tenant's desire to effect a citizen's arrest. The officers acted properly because they faced what they reasonably believed (after phone consultation with a city lawyer) was an "illegal lockout."

**AFFIRMED.**

---

1. Plaintiffs failed to join as a plaintiff the corporation that owns the Hotel Stuart. Individually, Plaintiffs have no possessory interests in the room. *See Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439–40 (9th Cir.1979) (holding that an action for injury to a corporation must be brought by the corporation); *Erlich v. Glasner,* 418 F.2d 226, 228 (9th Cir.1969) ("[E]ven though a stockholder owns all, or practically all, of the stock in a corporation, such a fact of itself does not authorize him to sue as an individual.").