[S. F. No. 2996. Department One.—November 4, 1904.]

ANNA R. WHITE, Respondent, v. MILTON BESSE, Sheriff, etc., Defendant; JULIUS LEE, Intervener, Appellant.

INJUNCTION—EXECUTION SALE—INTERVENTION BY CREDITOR—COMPLAINT TO CANCEL FRAUDULENT DEEDS—FINDINGS AGAINST INTERVENER—CONSIDERATION IMMATERIAL.—In an action to enjoin the sheriff from selling plaintiff's property on execution against her husband, where the execution creditor, without answering the complaint, filed a complaint in intervention to cancel two deeds from the husband to the plaintiff as having been made without consideration, in contemplation of insolvency, to defraud creditors, and the court found for the plaintiff and against the intervener, that there was no fraudulent intent, and that the transfers were made to indemnify plaintiff as surety for the husband, and that he was not then insolvent, and did not contemplate insolvency, the findings show the validity of the deeds, and, as there was in fact no fraudulent intent, it is immaterial whether there was or was not a sufficient consideration for them.

ID.—FINDINGS—DEED INTENDED AS SECURITY—EXECUTION SALE SUBJECT TO MORTGAGE—COMPLAINT OF INTERVENER LIMITED TO CAUSE OF ACTION ALLEGED.—Under the complaint of the intervener, which was not addressed to the complaint of the plaintiff, and did not purport to answer the same, the intervener, who alone appeals, cannot avail himself of any denial of the complaint by the defendant, who does not appeal, and his averment that plaintiff never was the owner cannot be deemed a denial of plaintiff's averment that she is the owner. The plaintiff must rest solely on the cause of action to set aside the deeds as fraudulent, and cannot change it so as to seek an execution sale subject to a mortgage, by reason of findings that the deeds were intended as security. Such findings as to the intervener must be deemed to apply solely to the consideration for the deeds.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles M. Cassin, and Charles B. Younger, for Appellant.

H. C. Wyckoff, for Respondent.

SHAW, J.—The complaint states a cause of action against the defendant, Besse, as sheriff of Santa Cruz County, to enjoin him from selling certain land, alleged to be the prop-

erty of the plaintiff, upon an execution issued on a judgment recovered by Lee, the intervener, against Edward White, the husband of the plaintiff. The judgment creditor, Lee, by leave of the court, intervened and filed his complaint in intervention. The court after a trial made its decision and gave judgment in favor of the plaintiff. The intervener alone appeals from the judgment upon the judgment-roll.

The plaintiff alleges, among other things, that she was and ever since February 28, 1898, had been, the owner of the land in question. The intervener's judgment was recovered on September 24, 1898. The defendant, Besse, answered the plaintiff's complaint, specifically denying the allegation of ownership, as well as most of the other allegations thereof. The intervener, however, did not answer the complaint, but contented himself with filing a complaint in intervention, which was answered by the plaintiff. The complaint in intervention alleged the recovery of the judgment against Edward White, set forth that prior thereto Edward White had executed two deeds purporting to convey the property to the plaintiff, dated respectively September 25, 1897, and March 1, 1898; that intervener was then a creditor of Edward White for the claim upon which judgment was afterwards recovered, and alleged that each of said deeds was without consideration, and was made by Edward White while he was insolvent and in contemplation of insolvency, and for the purpose and with the intent to defraud the intervener and other creditors of Edward White; that there was no other property out of which said judgment could be collected; that the fraudulent deeds obstructed the right of the intervener to have the same sold on execution; that said Anna R. White was not then, and never had been, the owner of, or in possession of, the property or any part thereof; that she had no right thereto, or interest therein, as against the intervener as a creditor, and that she had not, and never had or claimed to have, any interest therein save such as was conveyed to her by the said deeds of her husband. Upon these allegations he asked that the deeds mentioned be declared fraudulent and void as against him, and that they be canceled.

In the findings the court states that the plaintiff was at the time the action was begun, and ever since had been, the owner and in possession of the land in controversy, and that the

deeds mentioned were each executed for a valuable considera-
tion, and not with the intent to hinder, delay, or defraud
creditors.   The findings then proceed to state the considera-
tion for the deeds.   From this statement it appears that the
husband was the owner of the land and desired to obtain a
loan; that in order to do so he was required to give his note,
executed jointly by himself and wife; that he agreed with
his wife that if she would sign the note as surety for him he
would hold her harmless and secure her against all liability
by reason thereof; that in pursuance of this agreement they
executed the note, and also a mortgage on the land in con-
troversy to secure the same, and the loan was obtained
thereby; that the note became due and was not paid by the
husband, and that thereafter, for the purpose of fulfilling
the agreement aforesaid with his wife, and to secure her
against all liability on the note, and also to secure his credi-
tors who had liens on the land, the husband executed the deed
of September 25, 1897.   The court further finds that ''ever
since the execution of said last-mentioned deed, the said
plaintiff has been, and yet is, the owner of all the real estate
therein described,'' and that in ''pursuance of the purposes
of said conveyance as aforesaid, said plaintiff paid'' the note
and caused the mortgage to be satisfied.   The findings with
respect to the consideration and effect of the conveyance of
March 1, 1898, are precisely similar, except that it involved a
different note and mortgage.   It is then further found that
Edward White has not been the owner of the land, or of any
right, title, interest, or estate therein or claim thereto at any
time since the execution of the first deed to the plaintiff, Sep-
tember 25, 1897.

The appellant now claims that under these findings he is
entitled to judgment.   The ground for this contention is, that
the deeds were given as security only, and that, although
absolute in form, they constitute in law nothing more than a
mortgage.   Hence he contends that, although the mortgage is
prior to his judgment, the title still remains in Edward
White, and he is entitled to have the lands sold on his exe-
cution subject to the mortgage.

If the intervener had tendered any issue involving the
proposition that the deeds were intended merely as mort-
gages, or had filed any pleading alleging the facts included
CXLV. Cal.—15

in the findings tending to that conclusion, and asking relief on that ground, and the court had made its finding squarely upon such issue, perhaps the contention might have been sustained. The complaint in intervention states only a cause of action to set aside the deeds on the ground that they were made to defraud creditors, and it states no facts upon which to found the claim that the deeds were intended merely as mortgages. Upon the cause of action to cancel the deeds the court found as a fact that there was no fraudulent intent, and that Edward White was not insolvent nor in contemplation of insolvency at the time he executed them. This being the case, it is immaterial whether there was or was not a valuable consideration. There being no intent to defraud, and the grantor being neither insolvent nor in contemplation of insolvency, the deeds were valid, although made without consideration. (Civ. Code, sec. 3442; *Bull* v. *Bray,* 89 Cal. 286; *Threlkel* v. *Scott,* 89 Cal. 353; *Haas* v. *Whittier,* 97 Cal. 420; *Knox* v. *Moses,* 104 Cal. 505.)

The complaint of the intervener is not addressed to the plaintiff's complaint, does not purport to be an answer thereto, and contains no allegations in the form of denials. It states an independent cause of action, and is in effect a cross-complaint for affirmative relief. Hence the averment therein that Anna R. White is not, and never was, the owner of the land cannot be deemed a denial of the allegation of the plaintiff's complaint that she is such owner.

In suits to quiet title and actions in ejectment it has been frequently decided that an allegation of ownership in the complaint which is denied in the answer raises an issue upon which the defendant may show that a deed under which plaintiff claims title was given as security for the debt and was intended as a mortgage. And perhaps this doctrine would be extended to suits to enjoin an execution sale such as that of the plaintiff herein, so that the defendant, Besse, upon that issue could have had the judgment reversed if he had appealed. But the defendant does not appeal, and the intervener has not in any manner connected himself with the pleadings between the plaintiff and defendant, and cannot obtain any advantage therefrom. He must rest his case on appeal solely on the cause of action stated in his complaint in intervention.

In actions for relief on the ground of fraud, such as that of the intervener, where, after averments that a deed purporting to convey title was in fact fraudulent and void, the pleader concludes with a statement that the grantee is not the owner of the property described in the conveyance, the latter allegation cannot be allowed to change the cause of action from a suit to declare the deed fraudulent as against creditors to an action to declare that it was in legal effect a mortgage, nor to give the complaint the effect of stating two distinct causes of action, nor even to lay the foundation for evidence and findings to the effect that the deed, although not fraudulent, was intended as a mortgage, and did not convey title. The allegation in the intervener's complaint that the plaintiff is not, and never was, the owner of the land, in the connection in which it is found as part of a complaint to set aside deeds as fraudulent, is a mere conclusion from the previous statement that the deeds were made with intent to defraud creditors, and for no valuable consideration. In so far as the findings tend to show that the deeds were in effect mortgages, they must, so far as the intervener is concerned, be held to apply, as the findings show they were intended to apply, exclusively to the question of the consideration for the deeds, and they do not justify a judgment for the intervener which would be in reality a judgment in his favor upon a cause of action not alleged by him nor involved in the issues between him and the plaintiff.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.