[Civ. No. 26060. Second Dist., Div. Four. July 27, 1962.]

J. HUGH TURNER et al., Plaintiffs and Respondents, v. CITIZENS NATIONAL BANK, Defendant and Respondent; J. TOM GRIMMETT, Intervener and Appellant.

194

Kenny, Morris & Ibanez and Robert W. Kenny for Intervener and Appellant.

Freston & Files, and Eugene D. Williams for Plaintiffs and Respondents.

Cosgrove, Cramer, Rindge & Barnum and J. D. Barnum, Jr., for Defendant and Respondent.

BALTHIS, J.—The appeal in this case presents the question as to whether defendant bank as escrow holder was obligated to return to plaintiffs certain corporate stock and documents which had been deposited with it pursuant to a contract of sale. Intervener (buyer) contends that his duty to deposit in escrow the consideration for the purchase of the shares was dependent upon performance of all conditions imposed upon plaintiffs (as sellers) and that the latter have not fully performed. Sellers respond that they are not bound to perform the particular condition upon which buyer relies in that such condition was not a part of the contract but was added to the escrow instructions (without plaintiffs' consent) and that it imposed an additional contractual obligation without any authorization from plaintiffs. Whether this condition sought to be imposed on plaintiffs was valid and binding is the crux of the controversy and its solution determines which party is in default. The court gave judgment for plaintiffs (sellers) and intervener (buyer) has appealed, contending *inter alia* that the judgment is not supported by the evidence.

The facts in more detail may be summarized as follows:

Plaintiffs, as sellers, agreed in writing to sell to one J. Tom Grimmett, as buyer, 556,000 shares of the common stock of Dynamic Industries Company for the consideration of $100,000 and an assignment of oil and gas rights under a certain lease. The stock certificates were deposited in escrow with Citizens National Bank, the designated escrow holder, before the closing date specified, January 15, 1960. The buyer did not deposit the cash or the assignment in escrow.

The escrow instructions included a copy of the agreement of sale and were signed by the buyer and by one of the sellers, H. A. Hansen. It was agreed at the trial that Hansen was acting as agent for the sellers but the stipulation did not cover the extent of his authority.

Two provisions of the escrow instructions as signed by Hansen are material: (1) that the instructions are ''in no way intended to in any way modify, supplement or supersede'' the agreement of sale; and (2) that before the close of escrow the bank (as escrow holder) shall hold for the buyer in addition to the certificates of stock a letter of release signed by one Hughes to the effect that no claims existed on his behalf against Dynamic Industries Company or Grimmett.

Plaintiffs denied that Hansen, in signing the escrow instructions, was ever authorized by plaintiffs to include condition (2) above mentioned with reference to the letter of release

from Hughes; Grimmett, as intervener, did not offer or establish by proof of any kind that Hansen was so authorized.

Upon buyer's failure to deposit the cash and assignment in escrow, plaintiffs filed an action on March 15, 1960, against defendant Citizens National Bank (the escrow holder) for (1) declaratory relief and (2) return of the stock certificates and other corporate documents deposited in escrow.

The buyer Grimmett (as intervener) then filed a complaint in intervention asking for specific performance of the contract and of the provision in the escrow instructions calling for a deposit of the release from Hughes or in the alternative for damages.

Defendant Citizens National Bank is not an active party to the appeal taken here except that it requests an affirmance of that part of the judgment in its favor in the sum of $2,500 for its attorney's fees and also for its costs.

At the trial the only oral evidence introduced related to the matter of attorney's fees and escrow charges of defendant bank and these matters are not in issue on this appeal. Otherwise, the court heard and determined the case on the pleadings and the pretrial statement of facts and contentions of the parties; there was also an agreed statement of facts made a part of the order which stipulated (1) that the two documents, copies of which were attached to the complaint (the agreement of sale dated December 15, 1959, and the escrow instructions) "shall, without more, be admitted into evidence in lieu of the originals of said documents" and (2) that H. A. Hansen, acting as agent on behalf of the stockholders, opened the escrow and signed the instructions referred to. The escrow file, together with certain corporate documents deposited therein, was also admitted into evidence.

The trial court in effect heard the case on the agreed statement of facts and the court ruled in favor of the intervener Grimmett and accordingly findings, conclusions and the judgment were made for intervener. Plaintiffs thereupon made a motion for a new trial and, in support thereof, filed certain affidavits including an affidavit of H. A. Hansen. In this affidavit, Hansen stated "with respect to the deposit in court of a release of any claim of M. Dudley Hughes against Dynamic Industries Company and J. Tom Grimmett, ordered by the Court . . . the only purported claim made by said Hughes against said company of which affiant has knowledge is an unlitigated claim by said Hughes allegedly arising out

of a letter written by H. A. Hansen to M. Dudley Hughes. . . .'' The letter (dated July 16, 1959) is then set forth in the affidavit and the subject thereof is labelled in the letter as "Subject: Letter of Intent.'' Briefly, the letter stated that if Hughes' efforts to find a financially responsible buyer for Dynamic Industries Company's interests for a specified consideration prior to December 1, 1959, are successful, the writer (Hansen) "will make every effort to have the Directors of the company assign to you an overriding royalty of 1½% (15% of the overriding royalty interest retained by Dynamic Industries Company) plus 10% of the cash consideration of $200,000.''

The affidavit then further states: "That the claim of said Hughes, as shown by the above letter, is for 'compensation to be paid to you (Hughes) if your efforts to find a financially responsible buyer for Dynamic Industries Company's interests are successful' on or before December 1, 1959; that the offer made in said letter also was contingent upon the approval thereof by the board of directors of Dynamic Industries Company; that affiant submitted said letter and offer to said board of directors but said board failed and refused to approve it. A copy of the minutes of the board in respect to said letter and offer . . . is attached. . . . That by its terms, said letter and offer expired on December 1, 1959; that M. Dudley Hughes did not find or produce a financially responsible buyer on or before said date, or at all, for the interests of Dynamic Industries Company.''

In ruling on plaintiffs' motion for new trial the trial court acted pursuant to section 662, Code of Civil Procedure, as follows: (1) vacated the findings and conclusions previously made; (2) vacated the judgment previously entered; and (3) in lieu of granting a new trial reopened the case for the purpose of making "changed and modified findings of fact and conclusions of law'' and for the purpose of entering a "new changed and modified judgment.'' Plaintiffs then filed proposed findings, conclusions and judgment and both intervener and defendant bank filed objections and proposed counterfindings, portions of which were sustained and adopted and others overruled and denied.

At no time, either in connection with the hearing on plaintiffs' motion, or in connection with the making of new findings, conclusions and judgment, did the intervener (or defendant bank) request any further hearing or trial or offer any additional or new evidence (particularly on the point of Hansen's

authority) or any counteraffidavits with respect to the matters argued on the motion.

While the case was still before the trial court and prior to the signing of the new findings and judgment, plaintiffs filed a supplemental affidavit of Hansen. Since the filing of this affidavit was subsequent to the hearing on the motion for new trial and the court's order setting aside its previous findings and judgment and ordering a new and different judgment, this affidavit was untimely and it may be assumed that it was not considered by the trial court.

Intervener has appealed from the judgment in favor of plaintiffs and from the order setting aside the previous findings, conclusions and judgment in favor of intervener J. Tom Grimmett.

■■ Upon plaintiffs' motion for a new trial, the trial court was authorized to review its previous findings, conclusions and judgment and to vacate them and to make new findings, conclusions and judgment (Code Civ. Proc., § 662; *Spier* v. *Lang,* 4 Cal.2d 711, 714 [53 P.2d 138]; *Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 855, 857 [264 P.2d 544]).

■■ The trial court, in ruling upon plaintiffs' motion, was entitled to consider and rely upon the affidavits which had been filed to support the motion. (Code Civ. Proc., §§ 657, 659, 659a.) In its order on the motion for new trial the case was reopened and it was then incumbent upon intervener to request a further hearing or make an offer to produce additional evidence if he desired to do so. Absent any such request the trial court was authorized to act upon the case with the record and all the evidentiary matters then before it.

After vacating and setting aside its prior findings and judgment the court made findings of fact which may be summarized as follows:

(1) Plaintiffs deposited all of the papers and documents which plaintiffs had agreed to deposit in escrow.

(2) Intervener Grimmett failed to deposit within the time provided for in the purchase and sale agreement the sum of $100,000 and the assignment of royalty interests specified.

(3) After January 15, 1960, the time provided for in the escrow instructions, plaintiffs were entitled to the return and possession of the papers and documents so deposited.

(4) H. A. Hansen executed the escrow instructions on behalf of plaintiffs as sellers but Hansen did not have any authority to in any way modify, supplement or supersede the purchase and sale agreement with Grimmett.

(5) Plaintiffs did not agree or authorize Hansen to agree to deposit in escrow a letter or release from Hughes as to any alleged claim against Dynamic Industries Company or Grimmett.

Intervener's principal contention on appeal is that the new findings as made by the court are not supported by the evidence.

An examination of the record, including the documentary evidence and the facts agreed upon in the joint pretrial statement, establishes that the findings referred to as (1) and (2) above are supported by the evidence. Finding (3) above is really a conclusion of law. The case turns on whether findings (4) and (5) are properly supported.

A legal problem also is presented as to whether or not intervener is entitled to specific performance of the clause in the escrow instructions which would require plaintiffs to obtain and deposit the release from Hughes.

 The first question presented is whether the clause providing that before close of escrow the escrow holder shall hold for delivery to the buyer a release from Hughes of any claim against Dynamic Industries or Grimmett is a modification or supplement to the agreement of sale.

The practical and reasonable construction of this clause is that the sellers (all of the plaintiffs) are required to do something additional to the obligations of sellers set forth in the agreement. It changes substantially the consideration to be received by each plaintiff for the sale of his stock.

 The general rule is of course that escrow instructions which do not change or take the place of the agreement of sale but merely serve to carry the contract into effect are valid (*King* v. *Stanley,* 32 Cal.2d 584, 589 [197 P.2d 321] ; *Katemis* v. *Westerlind,* 120 Cal.App.2d 537, 542 [261 P.2d 553]). In the cases cited for this rule, the parties themselves signed the escrow instructions and from the practical standpoint have consented to any modification involved. In the case at bench only one of the sellers signed the escrow instructions which purports to add the additional obligation. From an examination of the record, it is clear that the consideration to be received by the sellers (plaintiffs) may be substantially changed by the clause. It cannot be assumed that plaintiffs could obtain the release from Hughes without some payment or consideration. Thus, the consideration set forth in the formal agreement of sale, and to which all plaintiffs agreed, is modified and superseded by a different consideration as

changed by the addition to the escrow instructions. (never agreed to by plaintiffs).

Upon analysis, it is evident that the additional clause in the escrow instruction does not carry out or into effect the original contract of sale.

Intervener argues that the original agreement of sale does contain a provision that sellers warrant (in selling their stock of Dynamic Industries) that Dynamic "has no outstanding indebtedness or liability of any kind or character." Intervener then concludes that the clause in question only carries into effect the warranty. This argument misses the point in two aspects: (1) the only warranty made is that Dynamic is free from debt, not that some unlitigated claims would not be made against it; and (2) the clause of the instructions itself in no way shows that there are any *valid* claims against Dynamic. If after a consummation of sale of the stock a *valid* claim were established by judgment or otherwise the warranty would still protect the buyer. In the agreement of sale consented to by all sellers they did not agree to provide documentary evidence that no claims (even if invalid or unjustified) would be asserted.

The practical result of holding this clause in the instructions as merely carrying the contract into effect would be to compel plaintiffs to discharge a claim which their warranty of no indebtedness would indicate was invalid. It would compel plaintiffs, without any opportunity of their day in court, to recognize and pay a claim which again, according to their warranty, was baseless.

We believe the clause requiring the deposit of a release from Hughes did modify, supplement and change the original contract with Grimmett and, unless authorized or consented to by plaintiffs, it is not binding upon them.

We now come to the question as to whether Hansen was authorized by all plaintiffs, as sellers, to add and include this clause in the escrow instructions.

The escrow instructions, admitted as documentary evidence, were before the court. The first paragraph, set forth in the footnote,[1] specifically provides for a limitation of authority in

---

[1] "H. A. HANSEN, acting as agent on behalf of stockholders of DYNAMIC INDUSTRIES COMPANY, a corporation, agrees to procure the deposit in this escrow of 556,660 shares or all of the outstanding stock. of the corporation, on or before January 20, 1960, and J. TOM GRIMMETT, agrees to purchase said stock, and these instructions are being entered into by the parties hereto for the purpose of enabling your bank to close this escrow under the following terms and conditions *but it is in no way*

that Hansen cannot "in any way modify, supplement or supersede" the purchase and sale agreement. This provision alone was sufficient to put the other party on notice that as to any change or addition to the contract, Hansen would have to have actual authorization or consent from all the sellers. While intervener argues that Hansen had indicia of authority to act for plaintiffs, since it was stipulated he was acting as their agent in signing the escrow instructions, intervener was not entitled to rely upon the doctrine of ostensible authority since Hansen gave intervener full notice of the limitation upon his authority by spelling out his lack of power to modify, supplement or supersede the agreements of December 15, 1959. (Civ. Code, § 2318.)

The stipulation that Hansen was an agent acting for plaintiffs when he opened the escrow and signed the instructions covered the fact of agency only, not the extent of his authority. An admission that a person is an agent does not adopt every act performed by him; the admission does not cover the extent of his authority (See Civ. Code, §§ 2315-2318).

The pleadings show that plaintiffs sued only for a return of their documents, not to enforce the contract. Intervener, on the other hand, sued for specific performance of the escrow instructions which included not only the formal agreement of sale but also the crucial clause in the escrow instructions requiring the obtaining of the additional release from Hughes. In order to prevail the burden was on the intervener to prove the authority of Hansen to bind his principals to this additional condition of sale.

In an action for specific performance, the party seeking that relief has the burden of showing how he is so entitled (Civ. Code, § 3391; *Lucientes* v. *Bliss*, 157 Cal.App.2d 565, 568 [321 P.2d 526]), including the fact that his rights under the alleged contract are still "alive." (*Auslen* v. *Johnson*, 118 Cal.App.2d 319, 322 [257 P.2d 664].) A complaint in intervention which seeks affirmative relief is in effect a cross-complaint. (*White* v. *Besse*, 145 Cal. 223, 226 [78 P. 649].) In a cross-complaint for specific performance against a plaintiff

---

*intended to in any way modify, supplement or supersede those certain agreements dated Dec. 15, 1959,* one entitled 'Agreement for the Purchase and Sale of Shares of Capital stock wherein Dynamic Industries Company a corporation is "Seller," and J. Tom Grimmett is "Buyer," and the other entitled 'Agreement for the Sale of a Portion of the Proceeds of Producing and Operating Agreement by the City of Long Beach and Dynamic Industries, Company, a Corporation,' . . ." (Italics ours.)

seeking to quiet title the burden of proving the right to specific performance rests on the cross-complainant. (*Roberts* v. *Lebrain*, 113 Cal.App.2d 712, 716 [248 P.2d 810] ; also *Dunner* v. *Hoover*, 43 Cal.App.2d 753, 757 [111 P.2d 737].) ▮ We hold that where an intervener files a complaint in intervention seeking specific performance of a contract, the burden of proving the complete contract sought to be enforced and right to such relief must fall on the intervener.

One of the elements which intervener must establish in order to prevail in this action is an enforceable contract (*Dunner* v. *Hoover, supra,* 43 Cal.App.2d 753, 757), and that he is not in default under its terms. Proof of the authority of Hansen to change the plaintiffs' obligations under the contract, when controverted, is essential to such enforceability.

▮ Intervener in his reply brief raises for the first time the point that the case was never reopened for additional evidence and that the trial court erred prejudicially when it proceeded to amend its original findings upon the basis of facts presented only in affidavits filed by plaintiffs in support of their motion for a new trial.

We are not impressed by this argument :

(1) The evidence received at the trial, both documentary and by stipulation as set forth in the joint pretrial statement of facts, is sufficient to support the findings that the clause requiring the deposit of a release from Hughes does modify the contract and was not authorized by plaintiffs. There is no indication that the court considered the affidavits for any reason other than upon their bearing upon the motion for new trial which, of course, was entirely proper.

(2) Furthermore, in connection with the motion for new trial, intervener made no offer whatsoever in the trial court to contravene the Hansen affidavit or to offer any counter-affidavits.

(3) When the court reopened the case, intervener made no request for the taking of additional evidence and no offer of proof was made as to any evidence bearing on the issue of Hansen's authority.

▮ Assuming that the court did consider the affidavits, contrary to the presumption that it did not do so and the absence of any indication in the record to the contrary, since intervener failed to make any objections in the trial court to the consideration of such affidavits, we believe he is not in a position to make the objection for the first time on appeal.

In *Tanzola* v. *De Rita*, 45 Cal.2d 1, 10 [285 P.2d 897], the court states the rule: "Affidavits are competent evidence where authorized by statute or where they are not objected to on proper grounds by the party against whom they are offered [citations]." The rule was also recognized in *Soares* v. *Ghisletta*, 1 Cal.App.2d 402, 404 [36 P.2d 668], where the appellate court said: "Appellants now contend that these affidavits were not competent evidence to prove the facts. It may be conceded that the affidavits were incompetent to prove the facts mentioned (Code Civ. Proc., § 2009), but if such affidavits were admitted without any objection or without proper objection, appellants may not now raise the point. [Citations.]"

Intervener next contends there was a ratification of the escrow instructions by the stockholders (plaintiffs) of Dynamic Industries at a stockholders' meeting. Ratification has to be based upon knowledge. There was no evidence produced that the escrow instructions were read to or approved by the stockholders and there would be no support whatsoever for any finding of ratification.

It is also to be noted that plaintiffs as sellers are not asking to enforce the contract or to recover damages. They only seek the return of the property which they deposited in escrow pursuant to the formal agreement of sale. The intervener Grimmett is in a somewhat different position. He is asking for specific performance or damages without having performed any of the conditions required of him by the purchase and sales agreement, that is, the deposit of money and the assignment of royalty interests. As a condition precedent to a demand for specific performance intervener must show that he has performed his part of the contract (Civ. Code, § 3392; *Davy* v. *Ogier*, 87 Cal.App.2d 835, 843 [198 P.2d 92]). This he has not done.

Plaintiffs are entitled to return of the stock certificates and other papers deposited in escrow. The judgment and the order appealed from are affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied August 21, 1962, and appellant's petition for a hearing by the Supreme Court was denied September 26, 1962.